IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CYNTHIA DAWN ASKUE                                              PLAINTIFF

V.                         No. 3:23-CV-00088-JM-ERE

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                                 DEFENDANT

### RECOMMENDED DISPOSITION

This Recommendation Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Moody can adopt this RD without independently reviewing the record.

I.    BACKGROUND

Ms. Cynthia Dawn Askue filed an application for social security benefits on December 1, 2020. *Tr. 14, 209-10.*

Ms. Askue's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephone hearing on December 22, 2021, and heard testimony from Ms. Askue and a vocational expert ("VE"). *Tr. 34-59.* On April 6, 2022, the ALJ issued a decision finding that Ms. Askue was not

1

disabled. *Tr. 17-41*. The Appeals Council denied Ms. Askue's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1*.

Ms. Askue, who was 45 years old at the time of the hearing, has a college degree, and has past relevant work experience as Licensed Practical Nurse and Registered Nurse. *Tr. 21, 76*.

## II.   THE ALJ's DECISION[1]

The ALJ found that Ms. Askue had not engaged in substantial gainful activity since October 6, 2020, the alleged onset date. *Tr. 16*. The ALJ concluded that Ms. Askue had the following severe impairments: breast cancer, degenerative disc disease, obesity, and functional gait disorder. *Tr. 18*. However, the ALJ found that Ms. Askue did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18-19*.

According to the ALJ, Ms. Askue had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: (1) occasional stooping, kneeling, crouching, and crawling; (2) occasional climbing of stairs, ramps, and uneven surfaces; (3) occasional operation of foot controls with the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

bilateral lower extremities; and (4) never climbing ladders, ropes, and scaffolds. *Tr. 18*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Askue could perform, including addresser, document preparer, and call out operator. *Tr. 91*. Accordingly, the ALJ determined that Ms. Askue was not disabled.

### III.   DISCUSSION

#### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however,

"merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

## B. Ms. Askue's Arguments for Reversal

Ms. Askue contends that the Commissioner's decision is not supported by substantial evidence. She argues that the ALJ: (1) erred in evaluating the opinion of treating source, Jessica Womble APRN; and (2) improperly relied on the opinions of the non-examining state agency medical consultants. *Doc. 8 at 12*. After careful review of the record and the parties' briefs, the undersigned recommends affirming the Commissioner.

### 1. ALJ's Treatment of Opinion Evidence

Ms. Askue asserts that the ALJ erred in his treatment of the opinion evidence from Jessica Womble, Ms. Askue's treating nurse. *Doc. 8*. Specifically, Ms. Askue contends that the ALJ failed to properly address the supportability and consistency of APRN Womble's opinions. *Id.* This argument is without merit.

APRN Womble found that Ms. Askue should have the following limitations:

> She could occasionally lift up to five pounds. She could stand 15 minutes and sit for three hours in an eight-hour day. She is limited in her ability to push or pull. She could never climb, stoop, kneel, or crawl. She could occasionally balance, reach, handle, finger, and feel. She could frequently see, speak, and hear. She should avoid any exposure to heights. She should avoid moderate exposure to extreme heat, extreme cold, vibration, pulmonary irritants, hazards, weather, and wetness or humidity. She would need to lie down every four hours for one to two hours.

*Tr. 20*. The ALJ found the opinion inconsistent with physical exams showing normal gait, strength, range of motion, and sensation. *Id*. This conclusion is supported by a review of the records. *Tr. 393, 613, 1099, 1256, 1263*.

As the ALJ pointed out, on December 7, 2021, during a physical therapy visit, Ms. Askue stated that "sometimes she can walk fine" *Tr. 19, 1242*. On January 7, 2021, Ms. Askue "demonstrated a good gait pattern upon arrival . . . ." *Tr. 662*. At an April 22, 2021, appointment Ms. Askue answered "no" when asked if she was having any trouble walking. *Tr. 20, 1025*. On March 10, 2021, her physician noted that while her gait was abnormal, "inconsistencies persist." *Tr. 20, 904, 1099*. Ms. Askue also reported having a "normal gait at home." *Tr. 905, 1099*. An ALJ may properly discount medical source statement with "limitations that 'stand alone,' did not exist in the physician's treating notes, and were not corroborated through objective medical testing." *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

Additionally, Ms. Askue advised that she "tend[s] to have this abnormal gait after housework or long walks." *Tr. 900, 1094*. Someone capable of taking long walks should be able to perform a reduced range of sedentary work.

The ALJ also pointed out that APRN Womble's medical source statements were in check-box form. *Tr. 20*. The Eighth Circuit has held that medical assessments that "consist of nothing more than vague, conclusory statements—

5

checked boxes, circled answers, and brief fill-in-the-blank responses, [and] cite no medical evidence and provide little to no elaboration . . . possess 'little evidentiary value.'" *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citing *Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)). When the treatment provider's opinion is only checked boxes, without explanation, "that basis alone" is sufficient to support an ALJ giving the "assessment little weight and relying more heavily on other opinions in the record." *Thomas*, 881 F.3d at 675. The ALJ properly addressed APRN Womble's conclusions and explained his reasons for discounting them.

### 2. Dr. Brett Alberty, M.D

Ms. Askue also challenges the ALJ's evaluation of Dr. Brett Alberty's prior administrative medical findings. *Doc. 8 at 19*. This claim also is meritless.

The regulations recognize state agency medical consultants as "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). The ALJ found Dr. Alberty's assessment generally persuasive. *Tr. 20.*

Dr. Alberty opined that Ms. Askue should be "limited to sedentary work involving lifting 10 pounds occasionally and less than 10 pounds frequently, and standing or walking for 2 hours and sitting for 6 hours in an 8-hour workday." *Tr.*

6

*119*. He recommended no postural, manipulative, or environmental restrictions. *Tr. 118*.

Dr. Alberty considered Ms. Askue's medical history and concluded that it limited "the amount of weight that [she] could lift and carry." *Tr. 119*. He also cited evidence concerning Ms. Askue's gait disturbance, as well as APRN Womble's medical opinion. *Id.* Dr. Alberty found Ms. Askue's alleged symptoms "partially consistent" with the medical evidence of record and recommended a sedentary RFC. *Id.*

The ALJ agreed with Dr. Alberty's limitation to sedentary work. *Tr. 20*. The ALJ explained that Dr. Alberty's "notes about her pain and fatigue support this opinion." *Id.* He found Dr. Alberty's RFC assessment "consistent with physical exams showing spastic gait, limited range of motion, weakness in the lower extremities, tenderness to palpation, and muscle spasms." *Id.* However, the ALJ added "postural and exertional limitations." *Id.* Accordingly, the ALJ assessed a more restrictive RFC than recommended by Dr. Alberty. *Tr. 18*.

Ms. Askue contends that "the explanation offered by Dr. Alberty rejects [her] subjective complaints of pain and fatigue as being inconsistent with the objective evidence of record," and was not a valid basis for the ALJ's finding that the assessment well supported. *Doc. 8 at 20*. Dr. Alberty did not "reject" Ms. Askue's complaints. Rather, he found her statements "partially consistent" with the

medical evidence and concluded that the record supported a sedentary work limitation. *Tr. 119.* The ALJ did not err by finding Dr. Alberty's explanation well supported by the evidence.

## IV. CONCLUSION

Substantial evidence supports the ALJ's decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 17 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE